APPEAL OF HENRY MYER THREAD MANUFACTURING CO.

Docket No. 3641.   Submitted July 15, 1925.   Decided September 28, 1925.

> 1. The Board has jurisdiction of an appeal, even though the only controverted point relates to a year for which no deficiency has been proposed.
> 2. On the evidence, *held*, that the taxpayer was legally obligated to pay an employee $5,000 extra compensation during 1918 and that the payment was made in that year.
> 3. A taxpayer is not precluded from a valid deduction by reason of a mistake in the treatment of the item on its books.

*John O. Bigelow, Esq.*, and *Edward R. Burt, C. P. A.*, for the taxpayer.

*George G. Witter, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This is an appeal from the determination of a deficiency in income and profits taxes in the amount of $3,048.13 for the years 1919 to 1921, inclusive. The only controversy raised by the appeal results from the Commissioner's refusal to allow the taxpayer a deduction of $5,000, which was originally claimed as a 1919 deduction but which the taxpayer now seeks as a 1918 deduction. The Commissioner has moved to dismiss the appeal for lack of jurisdiction, because no deficiency has been asserted for the year 1918, and it is alleged that the taxpayer's appeal is therefore, in effect, a claim for refund.

From the pleadings, testimony, and documentary evidence introduced the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is an Illinois corporation, of which Henry Myer was president, general manager, and the principal stockholder during 1918 and 1919. .

2. During the years 1918 and 1919 the taxpayer employed B. F. Reach as a traveling salesman, and due to his exceptional success in producing business Henry Myer promised, in the early fall of 1918, on behalf of the taxpayer, that it would pay Reach, for the year 1918, $5,000 in addition to the amount previously agreed upon as his salary for that year.

3. The agreement between Myer and Reach was subsequently ratifield by the taxpayer's board of directors and the $5,000 was paid to Reach during 1918.

4. The taxpayer's bookkeeper. was not aware of the agreement by which Reach was·paid the $5,000, and, consequently, the amount was not charged to expense but was charged to Reach's drawing account, and, upon the closing of the taxpayer's books in 1918, it remained so charged.

5. As a result of an audit of the taxpayer's books in 1919, the error above described was discovered, whereupon, on advice of the auditor the $5,000 was charged to the expense account for 1919.

6. The Commissioner has disallowed the deduction of the $5,000 from 1919 income because it is not a proper expense for that year, and he refuses to allow it as a deduction for 1918 because he alleges it was not a properly authorized payment and because it was not treated on the taxpayer's books as an expense for that year.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be made on consent or on 10 days' notice, under Rule 50.

### OPINION.

MARQUETTE: The Commissioner's motion to dismiss is denied on authority of *Appeal of E. J. Barry*, 1 B. T. A. 156; *Appeal of Hickory Spinning Co.*, 1 B. T. A. 409; and *Appeal of Fort Orange Paper Co.*, 1 B. T. A. 1230.

The payment of $5,000 to Reach during 1918 was made with proper authority and was a legitimate and deductible expense of the taxpayer during that year. The fact that this item was not properly treated on its books does not foreclose the taxpayer's right to deduct it from income, since the books are merely *prima facie* evidence of the character of the charge. *Douglas* v. *Edwards*, 298 Fed. 229, 234.

We are satisfied that the $5,000 was paid in accordance with an obligation of the taxpayer incurred during the year 1918. There being no question of reasonableness of the amount involved, it may properly be deducted from 1918 income.

ARUNDELL not participating.